**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND (SOUTHERN DIVISION)**

JULIO A. CHICA AMAYA
21473 Sidney Drive
Lexington, Maryland 20653

*Plaintiff,*

v.

LEXINGTON PARK GOURMET, INC. d/b/a HONG KONG CHINESE RESAURANT
21800 North Shangri-La Drive
Unit #5
Lexington Park, Maryland 20653

SERVE: Ren Xun Yang, Resident Agent
21800 North Shangri-La Drive
Unit #5
Lexington Park, Maryland 20653

REN XUN YANG
21800 North Shangri-La Drive
Unit #5
Lexington Park, Maryland 20653

CHEUNG C. HAU
43983 Camellia Drive
California, Maryland 20619

JACKIE YANG
21553 South Essex Drive
Lexington Park, Maryland 20619

*Defendants*.

Civil Action No.: 20-90

**COMPLAINT**

Plaintiff, Julio A. Chica Amaya ("Plaintiff" or "Plaintiff Amaya") brings this action against Defendants, Lexington Park Gourmet, Inc. d/b/a Hong Kong Chinese Restaurant ("Lexington Gourmet"), Ren Xun Yang (R. Yang), Cheung C. Hau ("Hau") and Jackie Yang ("J. Yang")

(collectively the "Defendants"), for violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2. In support, Plaintiff alleges as follows:

**THE PARTIES**

1. Plaintiff is an adult resident of St. Mary's County, Maryland and was employed by Defendants as a cook from early 2015 to December 23, 2019, when he was terminated.

2. Lexington Gourmet is a corporation organized under the laws of the State of Maryland that operates a Chinese food restaurant in Lexington Park, Maryland under the name "Hong Kong Chinese Restaurant." Lexington Park was Plaintiff's "employer" as that term is defined within the FLSA, MWHL and MWPCL, because, through its agents, owners, officers and/or members, it employed the Plaintiff directly, hired him, set his rate of pay, set the terms and conditions of his employment, set his schedule, directed him in the performance of his work, maintained employment records for Plaintiff, disciplined him, and paid him his wages. Until approximately a year ago, Defendants R. Yang and Hau also operated another Asian restaurant, adjacent to Lexington Gourmet. The name of the restaurant was "Hibachi Grill and Buffet" but it was actually owned and operated by an entity called Yang's Brothers LLC ("Yang's Brothers"), an entity which was controlled by R. Yang and Hau.

3. Until Yang's Brothers closed sometime in early 2019, Lexington Gourmet and Yang's Brothers were a single "Enterprise" within the meaning of 29 U.S.C. § 203 (r)(1), as they: (1) performed related activities; (2) through unified operations and common control of Defendants R. Yang and Hau; (3) for a common business purpose. Thus, at all times relevant to this Complaint

Lexington Gourmet was an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as it either alone, or collectively with Yang's Brothers, had: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4. R. Yang is an owner, director, incorporator and manager of Lexington Gourmet. He is an employer of Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because he: (1) is an owner, director, incorporator and manager of Lexington Gourmet and has functional and operational control over its day-to-day affairs and is significantly involved in its operations; (2) controlled the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits; (3) controlled the terms and conditions of Plaintiff's employment, including setting Plaintiff's rate of pay and actually paying Plaintiff by handing him his cash payments each pay period; (4) made decisions about how many hours Plaintiff was paid for and when he was paid; (5) set the Plaintiff's work schedule and directed Plaintiff in the performance of his work; (6) provided Plaintiff with the tools and materials necessary to do his work; (7) maintained employment records; (8) could discipline the Plaintiff; and (9) had authority to hire and fire Plaintiff and did in fact hire and fire the Plaintiff.

5. J. Yang is a manager of Lexington Gourmet and R. Yang's brother. He is an employer of Plaintiff within the meaning of the FLSA and the MWHL because he: (1) is a manager of Lexington Gourmet and has functional and operational control over its day-to-day affairs and is significantly involved in its operations; (2) could exercise control over the terms and conditions of Plaintiff's employment, including setting Plaintiff's schedule and directing Plaintiff in the

performance of his work; (3) at times, provided Plaintiff with the tools and materials necessary to do his work; (4) had authority to discipline the Plaintiff; and (5) had authority to hire and fire Plaintiff and was involved in the decision to terminate Plaintiff along with R. Yang. J. Yang used an alias "Jackie" so Plaintiff does not presently know his real first name, but will immediately amend the Complaint once he is able to obtain this information.

6. Hau is a manager of Lexington Gourmet and on information and belief is also an owner. She is an employer of Plaintiff within the meaning of the FLSA and the MWHL because she: (1) is a manager of Lexington Gourmet and has functional and operational control over its day-to-day affairs and is involved in its operations. In 2017 and 2018, Hau was at Lexington Gourmet almost daily. In 2019, she would visit on a more infrequent basis but still at least once or twice per week; (2) had control over the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits. More specifically, on multiple occasions Plaintiff witnessed Hau take Lexington Gourmet's daily revenue from the register at the end of the work day to deposit in the bank; (3) could exercise control over the terms and conditions of Plaintiff's employment; (4) exercised supervisory authority over the Plaintiff and on many occasions directed Plaintiff in the performance of his work; (5) could discipline the Plaintiff; and (6) had authority to hire and fire Plaintiff. In fact, she and R. Yang interviewed Plaintiff before he was hired was Hau involved in the decision to hire him and was most likely involved in approving his rate of pay when he was hired.

**JURISDICTION**

7. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal

questions and the Court has pendant jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367.

8. This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland and because all of the events giving rise to these claims occurred in Maryland.

**STATEMENT OF FACTS**

9. At all relevant times during the statutory period, or three years before the filing date of this Complaint ("Statutory Period"), Plaintiff was employed by the Defendants as a cook at the Hong Kong Chinese Restaurant located at 21800 North Shangri-La Drive, Unit 5, Lexington Park, Maryland 20653. Plaintiff's duties included, but were not limited to, prepping and cooking food and cleaning the restaurant.

10. At all times during the Statutory Period, with the exception of a few weeks when Plaintiff was sick or a two-month period when he stopped working, Plaintiff worked for Defendants 6 days per week. Monday through Thursday, Plaintiff started work no later than 10:00 a.m. and stopped working no earlier than 10:00 p.m. The last year he worked, Plaintiff would start working 15-20 minutes before 10:00 a.m.

11. On Fridays and Saturdays, Plaintiff began working no later than 10:00 a.m. (or 15-20 minutes before 10:00 a.m. during his last year) and worked until 10:30 p.m. or later.

12. The majority of the time, Plaintiff did not take a lunch break but simply ate while he worked.

13. Defendants paid Plaintiff a fixed amount every 15 days and paid him on a cash basis. The amount Plaintiff received each 15-day pay period varied during the Statutory Period from $1,100.00, increasing to $1,200.00 and then to $1,500.00. Defendants never paid Plaintiff an

overtime premium equal to one and one-half times his regular hourly wage and, in many cases failed to pay Plaintiff the applicable Maryland minimum wage as required by the MWHL.

14. Plaintiff is not in possession of all applicable records related to his employment. Those records are in the exclusive possession of the Defendants.

**COUNT I**
**VIOLATIONS OF THE FLSA**
**29 U.S.C. §§ 201 – 216 (b)**

15. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

16. At all times relevant to this Complaint, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

17. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

18. Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked.

19. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith and therefore the statute of limitations is three years and Plaintiff is entitled to liquidated damages.

20. Defendants are liable to Plaintiff under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld straight time, overtime time and minimum wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

**COUNT II**
**VIOLATIONS OF THE MWHL**
**Md. Code Ann., Lab. & Empl. § 3-420**

21. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

22. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the MWHL.

23. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWHL.

24. Defendants violated the MWHL by failing to pay Plaintiff at one and one-half times his regular hourly rate for each hour over 40 that he worked and failing to pay Plaintiff the applicable minimum wage during the Statutory Period ($10.10 per hour after July 1, 2018 and $9.25 prior to that time).

25. Defendants did not act in good faith, entitling Plaintiff to liquidated damages. The statute of limitations is three years, regardless of whether Defendants acted willfully.

26. As a result, Defendants are liable to Plaintiff pursuant to the MWHL for his unpaid and illegally withheld straight time, overtime and minimum wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

**VIOLATIONS OF THE MWPCL**
**Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-509**

27. Plaintiff repeats and incorporates by reference all allegations set forth above.

28. Defendants knowingly, willfully and intentionally violated Plaintiff's rights, under the MWPCL by failing to pay Plaintiff all of his wage, including minimum and overtime wages and Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

29. Defendants are liable to Plaintiff pursuant to the MWPCL for illegally withheld minimum and overtime wages for the statutory period, an additional amount equal to double the

unpaid overtime wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages and an equal sum as liquidated damages;

c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld minimum and overtime wages and a sum equal to double liquidated damages under the MWPCL;

d) award Plaintiff his costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2; and

e) permanently enjoin Defendants from committing further violations of the FLSA the MWHL and the MWPCL.

Respectfully submitted,

________/s/__________________
Omar Vincent Melehy, MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiff*